**People of the State of Illinois, Plaintiff-Appellant, v. Rosa Lee Clifton, Defendant-Appellee.**

**Gen. No. 52,079.**

First District, Fourth Division.

June 26, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellant.

Sam Adam, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

The State appeals from an order of the Circuit Court suppressing certain evidence. Defendant was charged with unlawful possession of narcotics. She moved to suppress the narcotics taken from her possession in a search incident to an arrest asserting that the arrest was made without probable cause and that the evidence was therefore the product of an illegal search. Appellant's sole contention is that probable cause for the arrest existed and the court therefore erred in suppressing the evidence.

*Testimony of Defendant*

Defendant was arrested by two police officers while in a tavern on East 47th Street at approximately 10:00 p. m. on September 28, 1966. She had been sitting at the bar alone for about one-half hour and was still alone when two police officers approached her, took her by the arm and told her she was under arrest. The officers searched her, taking a package of heroin from her right coat pocket, and they had neither a warrant for her arrest nor a search warrant.

*Testimony of Officer Willis Earl Nance*

On the day in question he was working on the Chicago Police Force Narcotics Unit. At about 9:20 p. m., while he and Officer James Arnold were sitting in a parked car, a police informer approached them. The informer told them he was in the company of defendant and one Joe Gayles, both of whom were known to the officers, as well as several others; that Gayles had sold narcotics to several of the group and would shortly make a sale to defendant who was waiting on the corner of 47th and Vincennes. Nance and Arnold proceeded to the corner of 47th and Vincennes where Arnold got out of the car and proceeded on foot. Nance parked outside a tavern located at 500 East 47th Street and when he saw Gayles pass him followed him into the tavern. Upon observing Gayles approach defendant and put something in her hand, he "grabbed" defendant and Gayles and took them outside the tavern where Officer Arnold rejoined him. He found a package of heroin in defendant's pocket and arrested her. Nance had known the informer for two years and believed him to be an addict. He had made between ten and twelve arrests on the informer's advice and thought all of them resulted in indictments.

After hearing this testimony the trial judge indicated that unless the prosecution produced the informer or Joe Gayles he would grant the motion to suppress. Upon the prosecution's refusal, the motion was granted.

OPINION

■■ A search of the person without a warrant is legal, and the evidence found is admissible if the search is incident to lawful arrest. An arrest without a warrant is lawful if the arresting officer has probable cause to believe the person arrested has committed a criminal offense. People v. Pitts, 26 Ill2d 395, 186 NE2d 357.

The specific question before us is whether the trial judge could properly suppress the evidence under the

circumstances of this case. In People v. Durr, 28 Ill2d 308, 192 NE2d 379, the court stated at page 311:

> Reasonable grounds for believing that a person has committed a criminal offense may be found in information furnished by an informer if the reliability of the informer has been previously established or independently corroborated. (People v. Tillman, 1 Ill2d 525; People v. LaBostrie, 14 Ill2d 617; Draper v. United States, 358 US 307, 3 L Ed2d 327.)

In the recent case of McCray v. Illinois, 386 US 300, the United States Supreme Court, in upholding the decision of the Supreme Court of this state affirming the denial of a motion to suppress evidence, quoted at page 306 from State v. Burnett, 42 NJ 377, 201 A2d 39:

> The Fourth Amendment is served if a judicial mind passes upon the existence of probable cause. Where the issue is submitted upon an application for a warrant, the magistrate is trusted to evaluate the credibility of the affiant in an ex parte proceeding. As we have said, the magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told. If the magistrate doubts the credibility of the affiant, he may require that the informant be identified or even produced. It seems to us that the same approach is equally sufficient where the search was without a warrant, that is to say, that it should rest entirely with the judge who hears the motion to suppress to decide whether he needs such disclosure as to the informant in order to decide whether the officer is a believable witness.

Defendant argues that the trial judge properly passed on the credibility of the officer's testimony, found it wanting and exercised his discretion to suppress. How-

ever, the trial judge never suggested that he doubted the testimony of the police officer. The record shows that after defendant's demand for the production of the informer or in the alternative a motion to strike the testimony of the police the following transpired:

> THE COURT: The motion to strike the testimony of the officer will be denied. The motion for the production of the informer will be sustained.

. . . . . .

> MR. CONLON (Asst. State's Attorney): Your Honor, then, to clarify matters, the State would at this time indicate that it would not produce the individual who is named as the informer and ask for a ruling on the part of this Court on the basis of the evidence adduced as to whether or not the evidence in this matter will be suppressed, for the purposes of the State preparing to exercise its rights as to appeal.

> THE COURT: All right. On the basis of that statement, the motion to suppress the evidence will be sustained.

. . . . . .

> MR. CONLON: Your Honor, there was never any request to produce Joseph Gayles, and there has been no evidence of any kind to indicate that Joseph Gayles is the informer in this case. There is no evidence whatsoever to that effect.

> THE COURT: That is the finding of this Court.

> MR. CONLON: Did defense counsel request that Joseph Gayles be produced?

> MR. ADAM (Counsel for defendant): We asked for the informer.

> THE COURT: But the defense counsel mentioned that there is reasonable doubt in this case that that informer may be Joseph Gayles.

Is that right, counsel?

MR. ADAM: Of course that's right.

MR. CONLON: We are just speculating.

THE COURT: That is a reasonable doubt that this Court is entertaining at this moment in making this finding.

MR. CONLON: The police officer testified that a male person came to the car and said that Joe Gayles would be there. I sincerely doubt that there is any proof in this record that would sustain any indication that Joe Gayles is the informer involved in this case.

The court in its findings stated:

Let the record show, Mr. Court Reporter, as Court's exhibit A for identification, under the provisions of Section 114–12(e), the Court finds as matter of fact, that the failure of the State to produce the informer in this case, or, in the alternative, to produce Joseph Gayles makes the search and seizure without a warrant in this case illegal under the law.

Furthermore the court allowed over objection extensive cross-examination of the police officer about the physical appearance and dress of the informer. It is apparent from the record that the judge was not ruling that the testimony of the officer was incredible but rather operating under the assumption that the informer must be identified to establish probable cause.

Defendant urges that since Gayles was not charged with a crime, the testimony of the police officer was suspect. The evidence shows that Gayles was taken to a police station, interrogated and dismissed after defendant refused to cooperate with the police. We cannot infer from the decision of the State and the police not to file criminal charges against Gayles that the officer's testi-

mony was impeached or subject to disbelief. In McCray v. Illinois, 386 US 300, the court stated at page 313:

> Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge in every such hearing to assume the arresting officers are committing perjury.

Defendant further argues that he had the right to ascertain whether the informer and Joe Gayles were one and the same person. We find no evidence to support this claim. The police officer had testified that he had known the informer for about two years; that the informer had been arrested by another officer at a prior time and had an arrest record; and that he knew Gayles from previous arrests. The defendant testified that at the time of the arrest she was alone and had been alone for a half hour prior thereto. In People v. Durr, 28 Ill2d 308, 192 NE2d 379, the court established the principle that identification of the informer was not necessary to establish probable cause, saying at pages 314 and 315:

> In our consideration of this question we have been unable to perceive any necessity to hold inherent in the constitutional safeguards protecting those charged with crime the right to information completely irrelevant to the question of innocence, disclosure of which would seriously hamper effective law enforcement, and we are convinced that the better result is the one here adopted. Considering also the deterrent aspects of the civil and criminal remedies for false arrests, it is our opinion that determination of probable cause by reliance upon the officer's testimony as to the reliability of an otherwise anonymous informer is likely to produce evils of far less consequence than those resulting from depriving the public of an important source of in-

formation necessary to the suppression of a particularly vicious form of crime.

■ Defendant concludes that a trial judge in his discretion can order the production of an informer regardless of the evidence presented. The State urges that the testimony of a police officer based on information received from a reliable informer is determinative of probable cause without the production of the informer. In discussing this problem in Roviaro v. United States, 353 US 53, the court stated at page 62:

> The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Under the circumstances of this case, we believe that probable cause was shown without the necessity of producing the informer and that the motion to suppress should not have been sustained. The order suppressing evidence is reversed and the cause remanded for further proceedings.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.