(No. 41608.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROSA LEE CLIFTON, Appellant.

*Opinion filed May 28, 1969.*

WARD, J., took no part.

SAM ADAM, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. KAVANAUGH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Rosa Lee Clifton, was charged with possession of narcotics as the result of a search without a warrant which accompanied an arrest based upon information furnished by an informer. After hearing some testi-

mony on her motion to suppress, the circuit court of Cook County ordered the production of the informer or, in the alternative, of one Joseph Gayles. The State refused to produce either and the motion to suppress was sustained. On this interlocutory appeal by the State pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1967, chap. 110A, par. 604(a)), the appellate court reversed. (98 Ill. App. 2d 383.) We granted leave to appeal.

At the hearing on the motion to suppress, the defendant testified that on September 28, 1966, after she had been sitting alone for about a half hour at the bar in a tavern located at 400 East 47th Street in Chicago, police officers Arnold and Nance entered the tavern together. Officer Nance took her by the arm and told her that she was under arrest. She was searched while still in the tavern and a tin-foil package of heroin was found in her right hand coat pocket. There was nothing else in that pocket.

Officer Nance testified that while he and Officer Arnold were parked on a street corner a few blocks from where the defendant was arrested, an informer approached the car and "stated that he was in the company of the defendant, a person by the name of Joe Gayles * * * and several other Negroes, and that Gayles turned [sold narcotics to] several of the people in the group" and "that Rosa was instructed to wait on the corner of 47th and Vincennes, and that he [Gayles] would turn her" in that vicinity. The officers then drove to the vicinity of 47th and Vincennes. Arnold got out of the car about a block away, while Nance proceeded to the corner. The officers saw Gayles walk down the street and enter the tavern. Nance left the police car and as he entered the tavern he saw Gayles place something in the defendant's right hand. Nance took both Gayles and the defendant outside and there searched the defendant and found the narcotics in her right hand coat pocket. Arnold arrived on the scene as Nance was bringing them out of the

tavern. Both the defendant and Gayles were taken at once to Central Police Headquarters. There Gayles was released, and the present charge was lodged against the defendant. Nance also testified that the informer had previously given him narcotics information which had resulted in arrests and convictions, and he specifically named three persons who had been so convicted.

On cross-examination Nance admitted that despite the fact that the informer had told him that Gayles had sold narcotics and was going to make another delivery, the officers did not arrest him for dispensing, selling, transporting or possessing narcotics. On redirect examination Nance testified that the defendant had refused to assist in the prosecution of Gayles.

The appellate court reversed, saying: "It is apparent from the record that the judge was not ruling that the testimony of the officer was incredible but rather operating under the assumption that the informer must be identified to establish probable cause." 98 Ill. App. 2d at 388.

We cannot agree with this appraisal of the record. The trial judge could well have regarded as inherently improbable the story that Gayles had openly sold and delivered heroin to a group of persons and had publicly announced the time and place at which he would deliver heroin to the defendant. The informer's tip applied to Gayles as well as to the defendant, and upon the officers' testimony Gayles was guilty of possessing, transporting and dispensing narcotics, yet no charges were lodged against him. These unusual circumstances, considered with the conflicting testimony of the defendant and the officers as to what actually occurred at the time of the arrest, were sufficient to raise the doubt, which the trial judge expressed, as to whether Gayles was in fact the informer. To dispel that doubt it was well within the discretion of the judge to order, as he did, that either the informer or Gayles be produced.

The judgment of the appellate court must therefore be reversed, and the judgment of the circuit court is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.