(No. 41276.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HAROLD BERRY, Appellant.

*Opinion filed September 29, 1970.*

WARD, J., took no part.

SAM ADAM and EDWARD M. GENSON, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ANTHONY M. MONTEMURRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

At the conclusion of a bench trial in the circuit court of Cook County, defendant, Harold Berry, was found guilty of the unlawful possession of marijuana and was placed on probation for a period of 5 years, the first 60 days of which were ordered to be served in the county jail. His 1967 conviction rested upon evidence seized from his home under authority of a search warrant issued in 1965 on a complaint signed by James Hill, a police informant, and defendant has appealed making two contentions. First, that the court erred in refusing to grant defendant a hearing on the truth of the allegations in the complaint for warrant; and second, that the court erred in denying a companion motion that the informant be produced, or that defendant at least be furnished with his correct name and address, so as to permit his examination at the hearing requested.

Our recent decisions in *People* v. *Bak,* 45 Ill.2d 140, and *People* v. *Mitchell,* 45 Ill.2d 148, are dispositive of both contentions. We there aligned ourselves with the majority view that matters alleged under oath, upon which a search

warrant was issued, may not be disputed by the one against whom or against whose property the warrant has been directed. Accordingly, defendant was not entitled to the hearing he requested, and it necessarily follows that the court did not err in refusing to cause the informant to be produced or identified for the purpose of such a hearing.

Relying upon *People ex rel. Pugh* v. *Pate* (7th cir. 1968), 401 F.2d 6, wherein the court held that a fictitious signature to the affidavit for a search warrant renders the warrant void, defendant also contends that the warrant in the instant case was void. But we need not decide if *Pugh* is binding on this court, for we have held that the decision in the *Pugh* case is not retroactive. (See *People* v. *O'Kiersey* (1970), post, at 198; *People* v. *Price* (1970), post, at 209. While it may be conceded that defendant's motion to quash and suppress alleged that James Hill was a fictitious person, there was a total lack of proof that such was the case. On the record, therefore, this contention of defendant cannot be considered.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.