(No. 41456.—▮▮▮▮▮▮▮▮▮)

The People of the State of Illinois, Appellee, *vs.*
Steve R. Nakon, Appellant.

*Opinion filed November 17, 1970.*

Keith E. Eastin, of Chicago, (Gary L. Prior, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Anthony M. Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

Defendant, Steve R. Nakon, was found guilty of possession of marijuana, a narcotic drug, in a Cook County circuit court bench trial, and was placed on six months probation. He appeals directly to this court on the basis of a constitutional question. (See our Rule 603.) 43 Ill.2d R. 603.

On January 15, 1968, acting upon a search warrant, three police officers entered an apartment occupied by defendant. Detective Anthony Regoni asked defendant if there was any marijuana on the premises, and was shown

to the kitchen where a small quantity of marijuana lay on the sink. The officers seized the marijuana and arrested defendant. At a preliminary hearing, defendant moved to quash the search warrant and suppress the evidence, contending that the search warrant was issued pursuant to a perjured affidavit of an informer, Terry West, and therefore no probable cause existed for the issuance of the warrant. The affidavit stated that West had purchased marijuana from Daniel Jacobs in the named apartment on the day of the arrest, and that additional marijuana remained on the premises. Defendant testified that he and his fianceè had been alone in the apartment for the entire day, that he did not use the name "Jacobs", and that he had not sold narcotics to anyone. Further proof of the falsity of the affidavit was offered, and refused by the trial court, which denied the motions to quash the warrant and suppress the evidence, stating that it could not look beyond the face of the search warrant to determine the existence of probable cause for its issuance.

The sole contention on appeal is that the court erroneously refused to receive evidence that the affidavit on which the search warrant was based was perjured. We have recently and frequently considered the question whether the truth of affidavits upon which search warrants are issued may be controverted, and held that there is no constitutional or statutory right "to controvert the matters declared under oath which occasioned the finding of probable cause and the issuance of a search warrant by a judicial officer * * *." (*People* v. *Mitchell,* 45 Ill.2d 148, 152; *People* v. *Bak,* 45 Ill.2d 140, *cert.* denied in both cases by U.S. Sup. Ct. Oct. 26, 1970.) Defendant urges that we depart from the *Bak-Mitchell* holding where it is claimed that the affidavit was perjured, rather than merely erroneous, particularly when the affiant is alleged to be a narcotics addict, and therefore untrustworthy. We reject the invitation and find, upon the basis of our reasoning in *Bak,* that the trial court did not

commit error in refusing to receive evidence challenging the truth of the affidavit upon which the initial finding of probable cause was based.

We accordingly affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*