Robert David HENDERSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Billy Terrell DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–16007, A–15988.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error Henderson.

Carroll Samara, Oklahoma City, for plaintiff in error Davis.

Larry Derryberry, Atty. Gen., Yvonne Sparger, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiffs in Error, Robert David Henderson and Bill Terrell Davis, hereinafter referred to as defendants, were convicted of the misdemeanor offense of illegal possession of a stimulant in the District Court of Oklahoma County, Case No. CRM–70–196, and each sentenced to the maximum punishment of one year in the county jail, and a fine of $500.00. Judgment and sentence was imposed on March 16, 1970, and this appeal is perfected therefrom.

Defendants Henderson and Davis were tried jointly with three other defendants for illegal possession of stimulants discovered at the residence at 2945 Northwest 16th Street, Oklahoma City, Oklahoma, during a search pursuant to a warrant at approximately 11:00 P.M. on February 21, 1970.

I.

Defendants contend the affidavit for the search warrant was insufficient to provide probable cause for the issuance of a warrant. The test for the constitutional sufficiency of an affidavit for a search warrant was set forth by the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964) as follows:

* * * Although an affidavit may be based on hearsay information * * * the magistrate must be informed of some

of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was * * * "reliable."

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court held that probable cause was not shown for issuance of the warrant where the affidavit did not contain facts to support a conclusion the informant was reliable and since the affidavit did not state the underlying circumstances to determine the informant's information was credible. This Court in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), implemented the Spinelli rule, and held:

(a) Under oath, the officer must swear that he has personally observed contraband, or articles to be seized, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband, or items used in the commission of crime, or fruits of crime, are on the described premises; or

(b₁) If based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable, and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contraband or articles to be seized, upon the premises; 453 P.2d at 258.

As to the affidavit herein, it contains both conclusionary statements and factual underlying circumstances.[1] Its allegations that there has been a year-long investigation of defendant's activity in the drug traffic, that they are dealing in drugs, and that known drug dealers have been seen at the residence are nothing more than "a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision." Spinelli v. United States, supra, 393 U.S. at 414, 89 S.Ct. at 588. The allegation that defendants are keeping drugs in the house, without more, does not provide the necessary details to support such a conclusion. Mere suspicion and conclusions are insufficient. An affidavit for search warrant must recite facts and may not be based entirely upon information and belief. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). As observed in Krauss v. Superior Court, 96 Cal.Rptr. 455, 487 P.2d 1023, 1025 (Cal., 1971):

* * * conclusionary statements as to petitioner's reputation in the drug traffic * * * as well as information allegedly

---

1. The affidavit for search warrant provides in relevant part: "Affiant further says that he has conducted and [sic] investigation over the past year into the activities of Cary Hawk, Ramon Johnson, Billy Terrell Davis in traffic of narcotics and marijuana and amounts of the above drugs at the above house. Affiant further says that he knows that Billy Terrell Davis is dealing in LSD because at this time he has an outstanding warrant on him for sale of LSD and that on this date, that a heretofore proven reliable informant who has furnished information two times in the past which has proven to be true and factual was in the above listed residence and did observe and see approx. 8,000 dosage units of LSD being kept and concealed in the hall closet, and that he further saw a large quantity of marijuana being kept and concealed throughout the residence. The above informant has also been furnished LSD, marijuana, and narcotics by the above listed persons and has used these drugs in the above listed residence. Affiant will further state that he has seen several known illegal drug dealers and users coming and going from this residence over the past five days."

received from other police officers do not constitute the detailed, factual statements required by the Fourth Amendment.

Likewise, without more, allegation that there is an outstanding warrant for one of the defendants does not provide a basis to conclude that there are illegal drugs in the house. Neither a bad reputation· nor bad associations constitute probable cause.

■ However, the further allegation that an informant, who has twice provided information proven to be true, has personally observed LSD and marijuana in the house and sampled the drugs therein is sufficient to show the informant was reliable and his information credible. United States v. Perry, 380 F.2d 356 (2d Cir., 1967). This personal, firsthand observation of a tested informant is "sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, supra, 395 U.S. at 416, 89 S.Ct. at 589. Thus the necessary underlying circumstances were provided.

■ It is further contended that the affidavit contains false allegations and misrepresentations which renders it invalid. If indeed the affidavit contained substantial false allegations or deliberate misrepresentations, then certainly such improper matters cannot be permitted to form the probable cause necessary to issue a warrant. The courts in performing their duty of upholding the law cannot rely upon unlawfulness or be a party to deceit and perjury. As observed in United States v. Roth, 391 F.2d 507, 509 (7th Cir., 1967):

> [I]f the [motion to suppress] hearing discloses matters which discredit or impeach the assertions in an affidavit, these must be considered by the trial court in determining whether probable cause in fact existed.

In United States v. Upshaw, 448 F.2d 1218 (5th Cir., 1971), the Court held:

> Once it came to the attention of the court, from the testimony at the motion to suppress hearing, that evidence had been seized on the basis of statements of facts erroneously made by the affiant which struck at the heart of the affidavit's showing of probable cause, the court was required to grant the motion.

However, the hearing herein disclosed only minor inaccuracies in the affidavit on collateral matters which, once excluded from consideration, do not distract from the heart of the allegations showing probable cause. For example, rather than a year long surveillance, the searched house was in fact only under surveillance for seven days. Also, the affiant had no personal knowledge defendants were dealing in drugs. This impeachment does not discredit the personal observation of the proven reliable informant which provides the probable cause. The applicable rule under similar circumstances was stated in United States v. Sterling, 369 F.2d 799, 802 (3rd Cir., 1966):

> "This is not to say that law enforcement officials may with impunity include impermissible matter in applications for search warrants in the hope that a Commissioner might thereby be persuaded to find probable cause where otherwise none exists or the issue is in doubt; * * *. But in a case like the present one, where the challenged matter is merely cumulative, no such danger is run and the warrant may be upheld."

Accordingly, we hold the affidavit was sufficient to support issuance of the warrant.

## II.

Defendants further contend it was error to allow State's Exhibit Number One to go with the jury during its deliberation. State's Exhibit Number One was a large manilla envelope furnished by the Okla-

homa Bureau of Investigation, containing a paper napkin containing a number of purple tablets and a plastic baggy containing purple tablets. These tablets had been taken from the searched house and sample examinations indicated they were LSD. On the face of the envelope was the inscription: "CRIME POSS. OF MARIH-LSD–NARC. obtained 2–21–70, 2945 N.W. 16. Dining room table by Burns and Lovett of OCPD."

Defendants argue that it was error to allow the exhibit to be taken to the jury room since it was an abuse of discretion and indicated other crimes for which defendants were not on trial, namely, possession of marijuana and possession of narcotics. By statute, exhibits received in evidence may be taken by the jury on retiring for deliberation within the trial court's discretion. 22 O.S.1961, § 893. Even when the jury requests an exhibit received in evidence, it is within the trial court's discretion to allow it to be taken into the jury room and on appeal such will be reviewed only for an abuse of discretion. Hopkins v. State, 9 Okl.Cr. 104, 130 P. 1101 (1913).

■■■ However, when an exhibit which goes to the jury indicates another crime for which defendant is not on trial, it constitutes error. Such was the holding of this Court in Covert v. State, Okl.Cr., 399 P.2d 505 (1965), where in a trial for defrauding an innkeeper it was held error to permit the jury to have a check given by defendant to the innkeeper on a previous occasion which evidenced it had been presented for payment and dishonored. Since the check indicated another crime for which defendant was not on trial, it was prejudicial error for it to go into the jury room. As stated in Covert v. State, *supra*:

> The general rule is that when a defendant is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone and the admission of evidence of other crimes, either prior or

subsequent to the offense for which he is on trial is inadmissible.

However, a careful check of the record of trial in this case reveals that the defendants did not object when exhibit number one was taken into the jury room, and it would appear too late at the appeal stage to assert error was committed. Counsel objected to the introduction of the envelope into evidence on grounds of it being incompetent, irrelevant, immaterial and prejudicial to defendant; but no other objection whatsoever was entered to its being taken into the jury room. It is the duty of trial counsel to timely enter his objection and take his exceptions in order to preserve his record for appeal. The record also reflects on page 834, when the court was considering defendants' motions for new trial, the court said the following, with reference to item number eighteen (18) of defendants' motion:

> Secondly, as to the envelope that went to the jury, I would like the record to reflect that the day before the jury got the case Mr. Samara indicated to me he saw some error that was going to get him a new trial, but he wouldn't tell me what it was.

In Covert v. State, *supra,* defense counsel specifically objected to the check being taken into the jury room, when it was requested by the jury. His objections were overruled and he took his exceptions. But in the instant case, it would appear that defense counsel was "laying behind a log" in the guise of inviting error. Had the matter been called to the court's attention the items on the face of the envelope, which are the basis of this complaint, could have been blanked out, thereby precluding any prejudice being caused these defendants.

Therefore, we cannot accept this complaint as being sufficient to cause a reversal of this conviction, insofar as the evidence against defendants is overwhelming.

We are of the opinion this conviction should be, and the same is, affirmed.

Judgment and sentence affirmed.

BUSSEY, P. J., concurs.