UNITED STATES of America,
Appellee,

v.

Becky RAEL, Appellant.

No. 72–1123.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 1972.

Clyde E. Sullivan, Jr., Albuquerque, N. M., for appellant.

Don J. Svet, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

This is a direct appeal from a conviction of illegal receipt and concealment of heroin, in violation of 21 U.S.C. § 174. The defendant-appellant on this appeal challenges the validity of the search warrant, the execution of which disclosed the narcotics used as evidence at her trial.

Several weeks prior to the date appellant was arrested, two narcotics officers of the Albuquerque police department began surveillance of two residences located on a corner lot at Barelas Road S.W. and Parkway Road S.W. in Albuquerque, New Mexico.

Appellant's brother, Melchor Tafoya, lived in the front house, known as 1913 Barelas Road S.W., and appellant lived in the rear house, about 150 feet to the west, known as 410 Parkway S.W. The warrant properly described the premises searched.

The officers observed the presence of persons suspected of being narcotics users around the two houses. These persons would approach the front house where appellant's brother would usually come out and meet them. The officers did not observe any of the suspected narcotics users ever enter appellant's house, but did observe that on several occasions, appellant's brother would come to her house and she would drive him somewhere in her automobile.

The narcotics officers through the use of a confidential informant ascertained that heroin was being sold on the premises, and they secured search warrants for the two residences from a state judge. Each of the warrants was based upon an affidavit signed by the two officers.

Appellant was home at the time the officers arrived to execute the warrant. Approximately 37.5 grams of heroin and other narcotics paraphernalia were found in the search of her home, some in a dresser drawer under ladies underclothing, and the remainder under a cushion on a couch in the living room. Appellant was arrested and charged with possession of heroin.

No federal officers participated in the investigation or in executing the search warrant.

The appellant raises two points of error in this appeal. Both points deal with the search warrant pursuant to which her residence was searched and the contraband used as evidence against her at trial was seized.

■ The validity of the search and seizure, though made by state officers, must be judged as if made by federal officers, if the evidence obtained therefrom is to be used in a federal trial. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960).

Appellant argues that section 41–18–1, N.M.S.A.1953, which is basically the same as Rule 41 of the Federal Rules of Criminal Procedure, and the federal cases require that probable cause be apparent on the face of the warrant. Section 41–18–1 of the New Mexico statutes provides in pertinent part:

"It [the warrant] shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof. It shall command the officer to search forthwith the person or place named for the property specified. The warrant shall direct that it be served in the daytime, but if the affidavits are positive that the property is on the person or in the place to be searched, the warrant may direct that it be served at any time.

"It shall designate the justice, judge or magistrate to whom it shall be returned."

■■ As to probable cause, the recitation on the face of the warrant is that:

" . . . Affiants state that they have probable cause to believe, based upon the following facts, that the above listed things to be seized are now located upon the persons and premises set forth above."

The face of the warrant does not show the "facts" referred to, but they are contained in the affidavit used to support the request for the warrant which was attached to and served with the warrant. Appellant was thus informed of the reasons for the search and its purposes. The affidavit was incorporated into the warrant, and we shall not require that the facts stated in the affidavit be recited again on the face of the warrant when they are served together. See Clay v. United States, 246 F.2d 298 (5th Cir.).

■ Appellant also contends that the statute (N.M.S.A.1953 § 41–18–1) was not complied with in that it did not specifically "designate the justice, judge, or magistrate to whom it shall be returned."

The warrant contains the following paragraph:

"An [sic] if you find the same, or any part thereof, to bring it before *me* at Albuquerque, New Mexico, or before any Court of competent jurisdiction." (Emphasis added).

We think under the federal standard that the recital in the warrant does state with sufficient specificity to whom it is to be returned, and find the appellant's contention without merit.

Appellant next contends that the motion to suppress should have been granted because of the unreasonable delay between the time the warrant issued and its execution. The warrant issued April 9, 1971, and was executed April 14, 1971, or five days later. No prejudice is asserted to have resulted from a delay.

This delay was explained by one of the police officers testifying at appellant's trial as follows:

"A Well, no, we intensified it [the surveillance] up to the time we got the search warrant; after we already secured the search warrant, it was just a question of time until we could get enough people together to actually go out and execute it."

 Lack of sufficient personnel to properly execute a search warrant has a bearing on the personal safety of the officers involved, and for this reason we are of the opinion that the five day delay in this instance was not unreasonable. Appellant also submits that United States v. Dunnings, 425 F.2d 836 (2d Cir.), requires us to reverse if the delay in execution of the warrant caused prejudice to appellant. However, in Dunnings, a search pursuant to a warrant executed nine days after its issuance was held valid. See Spinelli v. United States, 382 F.2d 871 (8th Cir.), reversed on other grounds at 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; United States v. Bradley, 428 F.2d 1013 (5th Cir.). Since the probable cause upon which the warrant issued still existed at the time the warrant was executed according to the record, and for the reasons mentioned above, we find the delay not improper. The "forthwith" direction of Rule 41(c) of the Federal Rules of Criminal Procedure was met.

Appellant's second point of error is that the trial court erred in not granting appellant's motion to suppress on the ground that the affidavit was vague and indefinite.

 After a careful reading of the affidavit in question, we are convinced that it was sufficient as a matter of law, and that the ruling on the motion was correct. The affidavit stated that a reliable informant had purchased narcotics from appellant's residence and that the officers had personally witnessed deliveries of a substance confirmed by an informant to be heroin. The affidavit thus meets the test set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in that it sets forth the underlying facts and circumstances so as to enable the appropriate magistrate to determine whether probable cause does in fact exist.

 Appellant's final contention is that the trial court erred in not permitting appellant the right to inquire into the validity of the substance and content of the affidavit. In United States v. Dunnings, supra, the court considered the point, and held that absent an initial showing of falsehood or other imposition on the magistrate it was proper for the trial court to refuse such an inquiry. The matter is basically one of discretion for the trial court. The record before us contains no initial showing of falsehood or other imposition on the state judge as would indicate that the trial judge improperly denied appellant a hearing on the validity of the affidavit. See United States v. Upshaw, 448 F.2d 1218 (5th Cir.).

Having found each of appellant's contentions to be without merit, the judgment of conviction is

Affirmed.