**Kenneth CHRONISTER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–37.**

Court of Criminal Appeals of Oklahoma.

July 9, 1975.

Rehearing Denied July 25, 1975.

As Corrected July 28, 1975.

Kenn Bradley, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David O'Brien, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Kenneth Chronister, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–74–85, for the offense of Unlawful Possession of LSD, in violation of 63 O.S.1971, § 2–402. The jury returned a verdict of guilty and imposed a sentence of five (5) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

No transcript of the evidence has been submitted to this Court pursuant to a stipulation of facts submitted by the defendant. The incident involved transpired on January 9, 1974, when an officer of the Sand Springs Police Department, while executing a search warrant, discovered LSD in the defendant's residence.

Defendant's first, third, and fourth assignments of error are not supported by citation of any authority and therefore will not be considered by this Court. Rule 1.7, subd. C, 22 O.S.1971, Ch. 18, App., and *Sandefur* v. *State*, Okl.Cr., 461 P.2d 954 (1969). Additionally, the fourth assignment of error propounded by the defendant was not included in the Petition in Error and cannot be raised for the first time in the brief of the appellant. *Turman* v. *State*, Okl.Cr., 522 P.2d 247 (1974).

In his second assignment of error, defendant contends that the trial court committed reversible error in refusing to furnish the defendant the name of the informant referred to in the search warrant who was a participant in the alleged crime committed by the defendant and upon which affidavit of said informant search warrant was issued. This Court has consistently held that the State is privileged to withhold from accused the identity of an informant within rational limitations. *Corbett* v. *State*, Okl.Cr., 527 P.2d 200 (1974). The privilege of non-disclosure is not absolute where the identity of the informant bears materially on the effectiveness of defendant's defense and is accordingly established by a preponderance of the evidence. *Kovash* v. *State*, Okl.Cr., 519 P.2d 517 (1974). In a particular case, whether disclosure is warranted is a matter for the discretion of the trial court. *Corbett* v. *State*, supra.

In the present case, the trial judge did not abuse his discretion in overruling defendant's motion to compel disclosure. The informant was not present during the search of defendant's residence. His only connection to the case was in relation to the probable cause prerequisite for the issuance of the search warrant. The informant's testimony would be relevant only to the question of the identity of the person who sold the LSD to him and bears no material relationship to defendant's defense. Therefore, defendant's second assignment of error is without merit.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be affirmed.

BLISS, J., concurs.

BRETT, P. J., concurs in results.