Donald Lee WRIGHT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–339.

Court of Criminal Appeals of Oklahoma.

July 26, 1976.

David R. Poplin, Poplin & Blevins, Pryor, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Donald Lee Wright, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Mayes County, Case No. CRF–75–103, for the offense of Burglary in the Second Degree, in violation of 21 O.S. 1971, § 1435. His punishment was fixed at a term of six (6) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Due to the nature of the assignment of error of the defendant it is not necessary to recite all the facts.

In his sole assignment of error the defendant asserts that the trial court erred in overruling his motion to suppress evidence obtained pursuant to an illegal search and seizure. In this regard the defendant contends that the affidavits for two search warrants were constitutionally insufficient to provide probable cause for the issuance of the search warrants.

Before we consider this assignment of error it is beneficial to set out the affidavits which are being contested. Two automobiles allegedly containing fruits of the burglary were seized and impounded on the day the defendant was arrested. On the next day, two search warrants were issued, one for each automobile. The affidavits for the search of the two automobiles contain the same language except for the identity of the vehicles. Upon execution of the search warrants, various items sought were found in the trunk of the 1971 Plymouth, which was registered to the wife of the defendant. Nothing was seized in the search of the 1971 Chrysler. The affidavits, in pertinent part, are as follows:

"Affiant states that he is one of the peace officers who investigated the theft of said property and that he has traced said property to the above described vehicle, and/or house, building or premises.

"Affiant further states that Glenn E. Moots and Judy Moots suffered a burglary on June 2, 1975, at approximately 10:30 a. m. at 212 South Elliott in Pryor, Oklahoma; at the time of the burglary a witness, Anne Bostich (sic) saw a white male sitting in an automobile parked directly behind the residence of Glenn E. and Judy Moots at approximately 10:30 a. m. on June 2, 1975, Mrs. Bostich (sic) observed the white male leave the automobile and go directly to the residence with nothing in his hands, and return from the residence with a large brown Doctor's type bag with coat draped over his arm and the bag. One of the items taken in the burglary was a brown doctor's type bag. The victim Glenn E. Moots is a practicing physician in the City of Pryor, Oklahoma; Mrs. Bostich (sic) had occasion to write down the tag number of the automobile which she described as a dark car with tag # CZ–1398; Mrs. Bostich (sic) further viewed a lineup at approximately 10:00 p. m. on June 2, 1975, at Pryor, Oklahoma, and identified Donald Lee Wright as being the white male who she saw at the Moots residence this same day; in the investigation of this burglary other witnesses stated that during the time that Mrs. Bostich (sic) was observing Donald Lee Wright a brown automobile circled the block for approximately 30 minutes.

"Affiant further states that Orlin White an investigator for the District Attorney's Office in Wagoner, Oklahoma, followed a dark brown automobile from Wagoner, Oklahoma, bearing license .#CZ 1397 to an apartment located approximately at 26 Street South and 87th Street East in the City and County of Tulsa, Oklahoma; Curtis Hanks, a police officer for the City of Tulsa, Oklahoma, was assigned to aid Orlin White at the above described apartment complex; Officer Hanks observed two automobiles parked at said apartment com-

plex, one being a 1973 Chrysler automobile black in color bearing license # CZ–1398, and a brown 1971 Plymouth bearing license # CZ 1397 parked together; that officer Hanks and Orlin White observed Donald Lee Wright come from the apartment complex with a white female at approximately 2:20 P.M. on June 2, 1975, and observed Donald Lee Wright get into the brown 1971 Plymouth and the white female get into the black Chrysler automobile; both automobiles left the scene and were followed by Officer Hanks and Orlin White; as the automobiles were being followed, Officer Hanks received a dispatch over his police radio that a felony warrant for Donald Lee Wright had been issued in Pryor, Oklahoma this date of June 2, 1975, for the burglary of Glenn E. Moots residence in Pryor, Oklahoma on June 2, 1975, at this time the Plymouth automobile that Donald Lee Wright was driving was stopped by Officer Hanks at approximately Garnett Street and the Broken Arrow Expressway in Tulsa County, Oklahoma, at the time the officers were following the automobiles one automobile, the 1973 Chrysler, turned off to another street before the officers stopped Donald Lee Wright driving the Plymouth automobile. Donald Lee Wright was arrested for the burglary and transported to the Tulsa Police Department and while awaiting the arrival of a Wrecker, Officer Hanks observed the 1973 black Chrysler come to the scene of the arrest of Donald Lee Wright. The Chrysler was still being driven by the white female; the black Chrysler was the same automobile which was previously identified by Mrs. Bostich (sic) by Tag Number as being the one she saw at the residence of Glenn E. Moots at the time of the burglary, and the black Chrysler was thereupon seized and towed to the Al Storey Wrecker Service in Tulsa, Oklahoma."

Defendant's first proposition under this assignment of error is that the affidavits failed to recite certain necessary information concerning a citizen informant. In *Guthrey v. State,* Okl.Cr., 507 P.2d 556 (1973), in regard to citizen informants, it is stated that an affidavit should reflect that the informant enjoyed a good reputation in the community; that he had no prior criminal record; and that he was gainfully employed and other details within the knowledge of the affiant that the informant is reliable. Defendant asserts that this case is applicable in regard to Anne Bostick, named in the affidavit as having observed a black car in the area of the burglarized home and having observed the defendant in the same area.

■ However, because the informant, Anne Bostick, was identified in the affidavit the applicable authority is that found in *Luker v. State,* Okl.Cr., 504 P.2d 1238 (1973), where this Court decided that when an affidavit for a search warrant is based upon specified factual information given by a named and known informant, and not the tip of an undisclosed informant, it is not necessary that the affidavit set forth details to indicate the named informant's reliability and the credibility of his information.

■ The defendant's second proposition is in relation to the affidavit's reference to the factual information provided by Anne Bostick. Transcripts of the proceedings in which Mrs. Bostick testified reveal that she did not see the defendant sitting in an automobile parked directly behind the Moots' residence, nor did she observe the defendant leave the automobile and go to the residence, as stated in the affidavits. Her testimony reveals that she did observe a 1973 Chrysler parked near a public park shelter one and a half blocks from the Moots' residence, and she did observe the defendant walking on the same street where the Moots' home is located, carrying an orange-colored bag. Based upon these

discrepancies, the defendant claims that the affidavits materially misrepresented the facts provided by Anne Bostick, and that if the conflicting statements were deleted from the affidavits they would be wholly insufficient to establish probable cause for the warrants.

In *United States v. Thomas,* 489 F.2d 664, 669 (5th Cir. 1973), it was held that:

".  .  .  affidavits containing misrepresentations are invalid if the error (1) was committed with an intent to deceive the magistrate, whether or not the error is material to the showing of probable cause; or (2) made non-intentionally, but the erroneous statement is material to the establishment of probable cause for the search."

There is no claim that the erroneous statements were made with an intent to deceive the magistrate, therefore, we look to whether they are material to the establishment of probable cause for the issuance of the search warrants.

There is no doubt that the affidavits erroneously state the location of the automobile observed by Anne Bostick or that they erroneously state she observed the defendant leave the automobile and go directly to the Moots' residence and return therefrom. However, we are not persuaded that these erroneous statements are material to the establishment of probable cause. In order to connect the defendant, and the two automobiles to be searched, with the burglary there was the necessity of some showing that the defendant and the automobiles were in the vicinity of the Moots' home. It can be observed from comparing the affidavits to the evidence adduced at trial that there are factually correct statements in the affidavits that Anne Bostick recorded the license tag number of the 1973 Chrysler, that she attended a lineup on the same day of the burglary and identified the defendant, and that other witnesses had observed a brown automobile, later identified in the affidavits as the 1971 Plymouth in the area. Mrs. Bostick, according to her testimony, drove up to the parked 1973 Chrysler and wrote the license tag number on a child's coloring book, which was introduced into evidence. She also testified as to the lineup which she attended. Wiley Backwater, Chief of the Pryor Police Department, testified that he learned from other witnesses that a brown Plymouth had been seen in the area near the Moots' residence. Taking into account these factually correct statements, and coupling them with other information in the affidavit which described the investigation leading to the arrest of the defendant and the seizure of the 1971 Plymouth and the 1973 Chrysler, we cannot say that erroneous statements materially affected the establishment of probable cause. Nor can we say that if the erroneous statements were deleted from the affidavits that the affidavits would not be sufficient to establish probable cause. Therefore, we conclude that the affidavits are not insufficient in this regard as contended by the defendant.

■ Defendant's third proposition is that the affidavits were constitutionally insufficient in that they failed to recite enough of the underlying facts and circumstances to enable the magistrate to independently judge the validity of the conclusion that the contraband was where the affidavits claimed it to be. In *Leonard v. State,* Okl.Cr., 453 P.2d 257 (1969), this Court in the first paragraph of the Syllabus stated:

"In order to meet constitutional standards required by *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, an affidavit for a search warrant must contain information sufficient to comply with one of the following requirements, either

(a) Under oath, the oficer (sic) must swear that he has personally observed contraband, or articles to be seized, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to

show the probability that contraband, or items used in the commission of crime, or fruits of crime are on the described premises; . . ."

We need only refer to the first requirement in this case because, as discussed in the first proposition, we have a named and known informant, and the other two requirements as set forth in *Leonard,* supra, refer to undisclosed informants.

In regard to the above requirement we observe the affiant states that he investigated the burglary and traced the property to be seized to the vehicles named in the affidavits. J. B. Hamby and Curtis Hanks are listed as the affiants. Their testimony, from the trial and the hearing on the motion to dismiss, reveals that individually and collectively they were involved in investigating the burglary, and in seizing and impounding the two vehicles. Therefore, we are of the opinion that the affidavits meet the requirement of the *Leonard* case in showing the probabilty that fruits of the crime were located in the two vehicles.

■ In his last proposition the defendant presents an ancillary issue that the search warrants were not returned or filed in accordance with the Oklahoma Statutes 22 O.S.1971, § 1225 and 22 O.S.1971, § 1224.2 However, it is settled law that defects in the return and filing of a search warrant are administerial and are not grounds for invalidating the search. See *United States v. Neal,* 500 F.2d 305 (10th Cir. 1974) and *McMillon v. State,* 95 Okl. Cr. 409, 247 P.2d 295 (1952).

In light of our disposition of the four propositions of this assignment of error, we conclude that the trial court did not err in overruling defendant's motion to suppress and in admitting evidence obtained pursuant to the search warrant.

For the reasons set out above, it is the opinion of this Court that the judgment and sentence appealed from be, and the same is, hereby, *AFFIRMED.*

BUSSEY and BLISS, JJ., concur.