THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* THOMAS E. JAKUBOSKI, Defendant-Appellee.

Second District (1st Division)  No. 75-340

Opinion filed October 21, 1976.

1068

John J. Bowman, State's Attorney, of Wheaton (Edward N. Morris and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Laraia, Solano, Berns & Kilander, Ltd., of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from an order which quashed a search warrant and suppressed evidence in connection with a charge of illegal gambling. The court had previously ordered the State to produce the "reliable police informant," alleged in the sworn complaint for a search warrant to have supplied information leading to the seizure of various records, sports schedules and related gambling paraphernalia from defendant's home,

for the purpose of testifying at the hearing on the date set for defendant's motion to suppress. The court also ordered the State to advise the defendant of the cases in which the police informant had supplied information. When the State claimed it could not locate the informant and failed to comply with these requests on the date set for the hearing the judge entered the order of suppression and dismissed the complaint.

The State contends that the court erred. It contends that at a suppression hearing probable cause must be determined from the allegations of the sworn complaint and that if they are sufficient to show probable cause there can be no testing of the complaint for claimed factual misrepresentations; thus that the failure of the State to produce its informant or other information at the suppression hearing was justified.

The defendant initially argues that the appeal is from the suppression order and not from the prior·order to produce the informant and the other information and thus that the State may not now challenge the validity of the earlier order from which no appeal had been taken. On that assumption the defendant contends that the court exercised its discretion to quash the warrant, suppress the evidence and to dismiss the case as a sanction for the State's refusal to obey the production order. Additionally, defendant argues that the inquiry into the truthfulness of the affidavit was justified under the particular circumstances which raised a suggestion of improper police conduct on the face of the pleadings.[1]

■■ In approaching the jurisdictional question we note that the notice of appeal is concededly only from the judgment entered on June 25, 1975, which quashed the search warrant, suppressed the evidence and

---

[1] "I, Thomas Beck, a police officer for the City of Chicago, County of Cook, have received information relative to illegal gambling, to-wit: sports betting. I had a conversation with a reliable police informant whom I have known since January of 1974. This informant has given me information on three separate occasions, and on all three occasions a gambling arrest resulted, and gambling paraphernalia was confiscated. Of these three cases, one resulted in a conviction, and the other two are still pending in our local court, Branch 26. On the 27th of January, 1975, at approximately 6:00 P.M., I met with my informant and he stated to me that when he wishes to place a gambling wager on a sports event, he calls the number (529-7358) and talks to a M/W that he knows as Tom. He stated that he has been playing this number for the last month. On January 27, 1975, at approximately 6:20 P.M. I dialed the telephone number (529-7358) for my informant. My informant held the phone in a way so as to enable me to hear the conversation. After two rings a male voice answered stating Tom. My informant then stated his name and made two $50.00 dollar bets on two Pro Basketball games. After the bets were given by my informant, the voice on the other end repeated same back to my informant. On January 28, 1975, I repeated the same process with my informant with the same results. In addition, my informant stated that when he settles up with Tom, it changes on a weekly basis, specified by Tom, and my informant can call this number six days a week.

A check with Illinois Bell Telephone Security revealed that the telephone number (529-7358) checks to Thomas Jakuboski at 345 Hillside Drive, Roselle, Illinois."

The search warrant inventories indicated that the search warrant allegedly secured after 5:30 p.m. on January 30 was executed at 5:40 p.m. The trial judge was concerned that the time sequence required explanation.

dismissed the cause, made nunc pro tunc as of June 13, 1975, the date set for the suppression hearing. We agree with the defendant that the scope of review is limited to the judgment from which the appeal is taken. (See *People v. Harvey,* 5 Ill. App. 3d 499, 502 (1972).) However, with certain exceptions not pertinent here preliminary orders, such as for discovery, are not final and appealable when they are an interlocutory part of the same action. (See *Eskandani v. Phillips,* 61 Ill. 2d 183, 194 (1975). See also *Illinois Trust & Savings Bank v. Howard,* 185 Ill. 332, 333 (1900).) The June 13 order is necessarily premised on the validity of the prior order to produce and a consideration of that issue is included in a review of the judgement from which the appeal is taken. *Cf. People v. French,* 61 Ill. App. 2d 439, 446 (1965).

We therefore reach the basic issue of whether the trial court erred in granting defendant's motion to quash the search warrant and to suppress evidence based on the assumption that the truthfulness of the allegations supporting the complaint could be subsequently challenged.

We agree with the contention of the State that defendant may not test the truthfulness of the complaint for a search warrant in this manner.

■■ ■ It has been established in Illinois that the credibility of the affiant is to be determined by the judicial officer to whom the complaint for a search warrant is presented; that if facts are presented which are sufficient to show probable cause for the search and seizure the defendant may not controvert these facts at a hearing subsequent to the issuance of the warrant; but that the remedy for misrepresentation or perjury in the process is to punish the affiant rather than to exclude the evidence. (*People v. Bak,* 45 Ill. 2d 140, 144-47 (1970), *cert. denied,* 400 U.S. 882. See also *People v. Thomas,* 62 Ill. 2d 375, 381 (1975); *People v. Mitchell,* 45 Ill. 2d 148, 152 (1970), *cert. denied,* 400 U.S. 882.) The defendant is not entitled to the production of the informant for the purpose of attempting to disprove the allegations made under oath which the magistrate has properly found as supportive of the warrant. (*People v. Berry,* 46 Ill. 2d 175, 176-77 (1970), *cert. denied,* 401 U.S. 959. See also *People v. Stansberry,* 47 Ill. 2d 541, 543-45 (1971), *cert. denied,* 404 U.S. 873.) The claim that the affidavit was perjured does not avoid the rule. See *People v. Nakon,* 46 Ill. 2d 561, 562-63 (1970).

Defendant cites *United States v. Carmichael,* 489 F.2d 983 (7th Cir. 1973), for the ruling that while a defendant may not test the truth of hearsay evidence repeated by the affiant in the complaint and affidavit the defendant may, after a proper showing, challenge any statements purporting to be based upon the affiant's personal knowledge. Defendant concedes that this rule has not been adopted in any Illinois case but urges its adoption here. The conflict on this issue as between various Federal district courts and other courts has been noted but the United States

Supreme Court has refused to recognize that a defendant has either a constitutional or statutory right to challenge an affidavit or complaint for a search warrant which is sufficient to support a finding of probable cause. (See *State v. Wrenn*, 417 U.S. 973, 41 L. Ed. 2d 1144, 1145, 94 S. Ct. 3180, 3181 (1974).) A majority of the Illinois Supreme Court has also acknowledged the division of authority on the issue but has opted for the rule that an affidavit or complaint for a search warrant, adequate on its face may not later be impeached. See, *e.g.*, *People v. Bak*, 45 Ill. 2d 140, 142-43 (1970), and *People v. Stansberry*, 47 Ill. 2d 541, 544-45 (1971).

Defendant also argues that this court in *People v. Ciochon*, 23 Ill. App. 3d 363, 367 (1974), recognized that there may be circumstances under which the facts stated in the complaint and affidavit may be clarified or expanded in a later hearing. However, in *Ciochon* we noted that the defendant could not introduce evidence to controvert the matters contained in the affidavits with the intention of proving that the informer was unreliable and that the allegations were false (see page 367).

The defendant's contention that the dismissal of the case may be justified as a sanction permitted under Supreme Court discovery rules (Ill. Rev. Stat. 1973, ch. 110A, pars. 412(b), 415(g)) is not meritorious. If the court had directed the subsequent inquiry towards the question of the possible perjury of the affiant it would, of course, have been a proper procedure. (See *People v. Bak*, 45 Ill. 2d 140, 144 (1970).) This was not done, however.

In the posture of the appeal before us we do not agree with the contention of defendant that more was involved than merely testing the affidavit; that the trial judge had discretion to enter an order of suppression and to dismiss the case under Supreme Court Rules 412(b) and 415(g) relating to discovery and accompanying sanctions (Ill. Rev. Stat. 1973, ch. 110A, pars. 412(b) and 415(g)). These rules become applicable following indictment or information. (See Ill. Rev. Stat. 1973, ch. 110A, par. 411.) The proceedings here were after a complaint had been filed but prior to indictment or information.

*Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), which defendant cites does not support his contention that in the event disclosure of an informer is directed by the court at any time and his identity and the contents of his communication relevant and helpful to the defense are withheld the court may dismiss the case. *Roviaro* concerned disclosure of the informer's identity whose testimony was highly relevant to the defendant's defense at trial. It did not deal with the conclusiveness of the judge's finding of probable cause to search and seize which is the issue before us in this appeal. Similarly *People v. Clifton*, 42 Ill. 2d 526 (1969), which notes the trial court's power to control the production of evidence at a hearing on a motion to suppress is irrelevant here. In

*Clifton,* the search was conducted without a warrant and the issue of probable cause was directly involved in the hearing before the judge on the motion to suppress.

■■ It also appears that the trial judge was concerned with the fact that there was a search warrant inventory filed and later amended with the possibility that two searches were made; and that it was not clear which items were seized in each search. Should it appear upon remandment that defendant is entitled to discovery for some other purpose than to challenge the truthfulness of the allegations in the complaint for a search warrant in an evidentiary hearing of the motion to suppress, our opinion does not deny the judge's power to exercise proper discretion in ruling on the issues then before him.

We therefore reverse the judgment of the trial court and remand the cause for further proceedings in accordance with this opinion.

Reversed and remanded.

GUILD, P. J., and RECHENMACHER, J., concur.