**Thomas Perry BROWN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–344.**

Court of Criminal Appeals of Oklahoma.

May 31, 1977.

Ed Parks, and Frederick L. Boss, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Thomas Perry Brown, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Case No. CRF–75–1000, for the offense of Unlawful Possession of a Controlled Drug in violation of 63 O.S.1971, § 2–402. He was tried and convicted with punishment being assessed at five (5) years' imprisonment. From said judgment and sentence a timely, appeal has been perfected to this Court.

Briefly stated, the facts of this case are that a confidential informant contacted Officer Fred Taylor of the Tulsa Police Department at about 2:00 p. m. on May 5, 1975. Utilizing the information supplied by the informant, a search warrant was issued at about 4:15 that same day. It was served the next day at which time the defendant was arrested, having been present in the house to be searched. Officer William McDonald, also present on the scene, testified that as the officers entered the dwelling he saw the defendant break and run. McDonald further testified that he pursued the defendant and that as the defendant ran out a rear door he saw the defendant throw something behind the door. A later search revealed a package of heroin behind that door. Officer Robert Yerton, a fingerprint expert with the Tulsa Police Department, testified that the defendant's fingerprints were on that package. In short, there was enough evidence adduced at the trial of this matter to determine that defendant had been in possession of the heroin at the time the search warrant was served.

The basic question on this appeal is whether a defendant can be permitted, in a motion to suppress and disclose the identity of an informant, to attack a facially sufficient affidavit by presenting evidence which controverts the statements in the affidavit. The affidavit in pertinent part stated:

"Affiant further says that on May 5, 1975, in the early afternoon hours, he was contacted by a reliable informant who stated that he had been to the above described residence (528 East 48th Street North, Tulsa, Oklahoma) within the last 24 hours and had seen a large quantity of a brown powdered substance contained in tinfoil and was told to him by the defendant, Thomas Perry Brown, that the brown powdered substance was Heroin. The informant further stated to your affiant that the defendant was selling Heroin for the price of $25.00 a pill. . ."

The affidavit also contained a statement by the police officer that this same informant had given similar information to the affiant on eight other occasions, which had resulted in the conviction of nine persons for heroin related offenses.

At pretrial hearing on the matter defendant presented five witnesses, the substance of whose testimony was that at all times from the afternoon of May 3 until May 6, defendant was not in the City of Tulsa, but rather that he was in Langston, Oklahoma, about 70 miles away. Defendant claims that his evidence presents a prima facie case that statements contained in the affidavit are false. The affidavit states that the informant had been with the defendant in Tulsa 24 hours prior to the time when he related the information to Officer Taylor. This would mean that the informant was with defendant sometime on the 4th of May when defendant contends he was in Langston. Defendant's contention is that his evidence casts considerable doubt on the reliability of the informant, and that the informant should therefore be produced in order to test his reliability. The failure of the trial judge to order disclosure after such a showing of conflict had been made is cited as error, in that it prevented a fair hearing on the issue.

■ It is obvious that the issue in the present case is whether or not there existed probable cause to issue the search warrant. Where guilt or innocence is involved the so called informant's privilege must yield to the defendant's absolute right to confront the witnesses against him. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). However, where, as here, only probable cause is in issue, the privilege remains in force since errors at this stage of the proceedings are more tolerable, issuance of a warrant not being equivalent to conviction. *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Corbett v. State,* Okl.Cr., 527 P.2d 200 (1974); *Chronister v. State,* Okl.Cr., 538 P.2d 215 (1975).

The law in this jurisdiction, has been that one is not permitted to attack a facially sufficient affidavit, in an attempt to delve behind it and question the affiant concerning what he actually knew at the time the affidavit was signed. *Gaddis v. State,* Okl. Cr., 447 P.2d 42 (1968). This rule has received severe criticism however, and recent cases in various Federal and State jurisdictions have provided means for attacking the veracity of search warrant affidavits. See, *People v. Alfinito,* 16 N.Y.2d 181, 264 N.Y. S.2d 243, 211 N.E.2d 644 (1965); *United States ex rel. Petillo v. State of New Jersey,* 400 F.Supp. 1152 (D.N.J.1975); *State v. Luciow,* Minn., 240 N.W.2d 833 (1976).

Likewise, it is apparent that in spite of *Gaddis v. State,* supra, trial courts in Oklahoma have been granting such hearings, utilizing for guidelines various cases from other jurisdictions. In some of these cases we have given tacit approval to guidelines enunciated in foreign jurisdictions. See, *Wright v. State,* Okl.Cr., 552 P.2d 1157 (1976), citing with approval *United States v. Thomas,* 489 F.2d 664 (5th Cir. 1973); *Henderson v. State,* Okl.Cr., 490 P.2d 786 (1971), citing *United States v. Upshaw,* 448 F.2d 1218 (5th Cir. 1971); *McCaskey v. State,* Okl.Cr., 534 P.2d 1309 (1975). It is obvious from this recitation that there exists considerable confusion in this State in regard to attacking a facially sufficient affidavit. In the present case the trial court relied on the case of *United States v. Carmichael,* 489 F.2d 983 (7th Cir. 1973), in allowing the hearing, and in determining the scope thereof. *Carmichael* establishes a bifurcated procedure for resolving these matters. In the first stage, the defendant must establish his right to a hearing. This is normally done through affidavit, although according to the court in *Carmichael* this threshold showing might properly be made by means of oral testimony given at the hearing if the informant's identity is unknown to the defendant. The defendant establishes his right to a hearing delving behind the face of the affidavit when he makes a showing, through either affidavit or testimony as outlined above, of either (a) any misrepresentation by the government agent of a material fact, or (b) by an inten-

tional misrepresentation by the government agent, whether or not material.

Once this threshold showing is made, the defendant must prove by preponderance of the evidence that the government agent either intentionally lied to the Magistrate, or that the agent was reckless in utilizing the information which he had, before the affidavit will be ruled invalid and the evidence suppressed.

The court in *Carmichael* goes on to say that completely innocent misrepresentation by the government agent would not warrant suppression for two reasons. The first reason is that the exclusionary rule is used primarily to deter police conduct, and that when a misrepresentation by a government agent is innocent there is not misconduct to deter. The second reason is that even if we were to suppose that an informant lied to an officer and the officer unknowingly swore to the lie as truth, there would still be probable cause to issue a warrant.

In *Carmichael* the informant's name was revealed at the suppression hearing. The defendant thereupon sought to question the affiant concerning the alleged reliability of his informant. The government's objections to these questions were sustained. The defendant then made an offer to prove that the informant was unreliable, that he was a felon, etc. The appellate court, en banc held that the offer of proof at the hearing, plus subsequent information relative to the informant's unreliability, presented at the trial of the matter, was sufficient to make the threshold showing required. The court held that given this threshold showing it was error not to permit the defense counsel to question the affiant about the basis of the informant's claimed reliability. Why in *Carmichael* the informant's name was revealed, is not explained in the opinion.

A majority of the United States Circuit Courts have adopted some method of going behind a facially valid affidavit. See, *United States v. Dunnings*, 425 F.2d 836 (2nd Cir., 1969) cert. den., 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970); *United States v. Thomas*, 489 F.2d 664 (5th Cir., 1974);

*United States v. Luna*, 525 F.2d 4 (6th Cir., 1975) cert. den., 424 U.S. 965, 96 S.Ct. 1459, 47 L.Ed.2d 732 (1976); *United States v. Carmichael*, supra, (7th Cir., 1973); *United States v. Marihart*, 492 F.2d 897 (8th Cir., 1974); *United States v. Harris*, 501 F.2d 1 (9th Cir., 1974); *United States v. Moore*, 522 F.2d 1068 (9th Cir., 1975); and *United States v. Rael*, 467 F.2d 333 (10th Cir., 1972), cert. den., 410 U.S. 956, 93 S.Ct. 1429, 35 L.Ed.2d 690.

■ A review of the decisions of the several states on this issue indicates that many of the state courts are holding to the rule that a facially valid affidavit for search warrant cannot be attacked. See generally, *North Carolina v. Wrenn*, infra. It is particularly interesting to note that the State Appellate Court, 2nd District, of Illinois, which is in the Seventh Circuit, where *Carmichael* was decided, recently rejected the holding in *Carmichael* on this issue upholding a line of Illinois cases. See, *People v. Jakuboski*, 42 Ill.App.3d 1067, 1 Ill.Dec. 458, 356 N.E.2d 646 (1976); therein, 1 Ill.Dec. at page 460, 356 N.E.2d at page 648 the Court stated:

". . . The conflict on this issue [attacking a facially valid affidavit] as between various federal district courts and other courts has been noted but the United States Supreme Court has refused to recognize that a defendant has either a constitutional or statutory right to challenge an affidavit or complaint for a search warrant which is sufficient to support a finding of probable cause. (See *State of North Carolina v. Wrenn*, 417 U.S. 973, 94 S.Ct. 3180, 3181, 41 L.Ed.2d 1144 (1974).)"

The Court, again, 1 Ill.Dec. at page 460, 356 N.E.2d at page 648, discussed the Illinois decision on this issue:

"It has been established in Illinois that the credibility of the affiant is to be determined by the judicial officer to whom the complaint for a search warrant is presented; that if facts are presented which are sufficient to show probable cause for the search and seizure the defendant may not controvert these facts at

a hearing subsequent to the issuance of the warrant; but that the remedy for misrepresentation or perjury in the process is to punish the affiant rather than to exclude the evidence. (*People v. Bak,* 45 Ill.2d 140, 144–47, 258 N.E.2d 341 (1970). Cert. Den. 400 U.S. 882, 91 S.Ct. 117, 27 L.Ed.2d 121. See also *People v. Thomas,* 62 Ill.2d 375, 381, 342 N.E.2d 383 (1975). *People v. Mitchell,* 45 Ill.2d 148, 152, 258 N.E.2d 345 (1970). Cert. Den. 400 U.S. 882, 91 S.Ct. 117, 27 L.Ed.2d 120.) The defendant is not entitled to the production of the informant for the purpose of attempting to disprove the allegations made under oath which the magistrate has properly found as supportive of the warrant. (*People v. Berry,* 46 Ill.2d 175, 176–77, 263 N.E.2d 487 (1970). Cert. Den. 401 U.S. 959, 91 S.Ct. 989, 28 L.Ed.2d 244. See also *People v. Stansberry,* 47 Ill.2d 541, 543–45, 268 N.E.2d 431 (1971). Cert. Den. 404 U.S. 873, 92 S.Ct. 121, 30 L.Ed.2d 116.) The claim that the affidavit was perjured does not avoid the rule. See *People v. Nakon,* 46 Ill.2d 561, 562–63, 264 N.E.2d 204 (1970)."

We are of the opinion that the rule followed in Illinois is the better rule and therefore reaffirm our holding in *Gaddis v. State,* supra, wherein at page 45, citing a long line of Oklahoma cases we stated:

"Where an affidavit to procure a search warrant is in positive terms one will not be permitted to go behind the affidavit and show the officers did not have knowledge of the charges alleged in the affidavit."

To this we add that the claim of perjury does not avoid this rule; the remedy for perjury in the securing of a search warrant is to punish the affiant rather than to exclude the evidence. See, *Jakuboski,* supra.

Inasmuch as this decision can be viewed to be in conflict with our decisions in *Wright v. State,* Okl.Cr., 552 P.2d 1157 (1976); *Henderson v. State,* Okl.Cr., 490 P.2d 786 (1971); and *McCaskey v. State,* Okl.Cr., 534 P.2d 1309 (1975), which at most gave tacit approval to the attacking of a facially valid affidavit for search warrant,

*Wright, Henderson,* and *McCaskey* are overruled.

For the foregoing reasons the judgment and sentence is AFFIRMED.

BUSSEY, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting.

I dissent to this decision because I believe the rule set forth in *United States v. Carmichael,* supra, is the better rule. This decision is a step toward the Justice of the Peace search warrant days.