THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLAUDE J. HORTON, Defendant-Appellant.

First District (1st Division)    No. 76-15

Opinion filed June 6, 1977.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli and Vincent M. Gaughan, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Claude J. Horton, was convicted of burglary after a bench trial and sentenced to two years probation. On appeal, defendant argues that the circuit court of Cook County erred in denying his motion for suppression of fruits of an unlawful arrest.

We affirm.

The pertinent facts are briefly summarized as follows. On May 7, 1973, Horton was fingerprinted for a matter entirely unrelated to the matter before us, and his fingerprints were placed on file. On March 25, 1974, a burglary was committed, fingerprints were discovered on the scene, and an automobile registered in Horton's name was observed parked near the burglarized premises while the crime was in progress. Horton was arrested shortly thereafter and fingerprinted, but for reasons beyond the scope of this appeal, the March 25, 1974, fingerprints were suppressed from evidence as being the fruits of an unlawful arrest. The police, having Horton's name as the registered owner of the auto observed near the crime scene, then consulted their files and discovered Horton's 1973 fingerprints. The prosecution planned to introduce into evidence a comparison of the 1973 fingerprints and the fingerprints recovered from the burglarized premises. Defendant objected on the grounds that the 1973 fingerprints were discovered by the police as a direct result of the unlawful arrest of March 25, 1974. The trial court denied defendant's motion.

On appeal, defendant contends that the trial court erred in denying his motion to suppress the 1973 fingerprints because they were a product of and tainted by the illegality of the 1974 arrest. As defendant views the matter, the 1973 fingerprints were the fruit of the tree poisoned by the illegal arrest in contravention of defendant's rights.

The prosecution argues that this case falls within the rule stated in *United States ex rel. Owens v. Twomey* (7th Cir. 1974), 508 F.2d 858, and other cases, which is that controverted evidence is not fruit of the poisonous tree if it (1) was discovered by an independent source, (2) is sufficiently distant in causal connection from the illegal search and seizure so that the connection had been so attenuated as to dissipate the taint, or (3) the evidence inevitably would have been gained even without the unlawful search. It is particularly argued by the prosecution that defendant's 1973 fingerprints fall within tests one and three.

Having reviewed the record, we agree with the prosecution. Although the chain of events in this case shows that the discovery of defendant's 1973 fingerprints was a result of police action following the granting of the first motion to suppress, the fact remains that the police would have inevitably found the 1973 fingerprints during their investigation. Turning back to the moment before the illegal arrest of March 25, 1974, the Chicago police knew the license number of the automobile which was parked near the burglarized home, and knew that the car was registered to defendant. The police also had fingerprints recovered from the crime scene. It was inevitable that had the investigation progressed in a lawful fashion, the police would have then found defendant's 1973 fingerprints

on file, to be compared with the crime scene fingerprints. We find no error herein.

For the abovementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BUA, J., concur.