563 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Clyde GIBBS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 1989.

Filed Aug. 29, 1989.

Petition for Allowance of Appeal
Denied Feb. 28, 1990.

Steven G. Zorbaugh, York, for appellant.

C.N. Patterson, Jr., Asst. Dist. Atty., York, for Com.

Before WIEAND, MONTEMURO and CERCONE, JJ.

WIEAND, Judge:

Clyde Gibbs was tried by jury and was found guilty of rape, robbery and a violation of the Uniform Firearms Act.

Post–trial motions were denied, and Gibbs was sentenced to serve a term of imprisonment for not less than eleven (11) years nor more than twenty-two (22) years. No timely appeal was filed. Defense counsel, however, filed a P.C.H.A. petition; and thereafter new counsel was appointed to represent Gibbs. A supplemental P.C.H.A. petition was then filed, and an evidentiary hearing was held. The P.C.H.A. court vacated part of Gibbs' sentence and allowed him to file a direct appeal nunc pro tunc, but in all other respects denied relief. This appeal followed in which Gibbs avers numerous trial errors and instances of ineffective assistance of counsel.

The Commonwealth's evidence showed that on December 30, 1986, appellant had entered the Swinger's Adult Book Store in York, Pennsylvania, where at one time he had been employed. Armed with a .22 caliber pistol, he forced Jody Heist, the store attendant, into the basement where he raped her several times. Before leaving, he also removed the sum of $282 from the store's cash register. Heist called the police after appellant had gone, but gave an intentionally inaccurate description of the robber and did not mention that she had been raped. This she attributed to threats made to her by appellant before he left the store. When police produced a suspect who fit the description which she had given, Heist conceded that she had given the police incorrect information. She then told the police that she had been raped and that appellant had been her assailant. She also gave police the address where she thought appellant was living.

Two police officers thereafter went to appellant's home where, as they approached, they observed a male quickly enter the house and close the door. They went to the door and knocked, but, hearing running footsteps and fearing that appellant was escaping, they forced open the door and apprehended appellant. A search of the premises was not then conducted. Instead, a search warrant was obtained on the basis of information supplied by the victim, and the premises were searched pursuant thereto. During the sub-

sequent search, police found a .22 caliber revolver, loose change and a pair of sneakers with a tread which matched markings found in the dirt of the store basement.

■ Appellant's contention that these items of evidence were fruits of an unlawful arrest must fail. Even if we assume for purposes of argument that appellant's arrest was illegal because it was without warrant and there were not exigent circumstances (a fact which we do not decide), the evidence was seized during a lawful search conducted pursuant to a warrant issued on probable cause supplied by an independent source. This independent source was the victim. The information regarding the crime and the address of the perpetrator had been supplied by her prior to appellant's arrest, but police had determined that a prompt arrest should be made without the delay inherent in obtaining a prior search warrant. After the arrest, however, and without conducting any search at the time of the arrest, police obtained a search warrant and thereafter conducted a search of the home in which appellant was living. The issue, therefore, is whether this search was so tainted by the allegedly unlawful arrest as to be fruit of a poisonous tree and inadmissible at appellant's trial.

The mere fact that there has been an unlawful arrest does not cause all evidence thereafter obtained to be inadmissible. *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). "The 'fruit of the poisonous tree' doctrine excludes evidence obtained from or as a consequence of lawless official acts, not evidence obtained from an 'independent source.'" *Costello v. United States,* 365 U.S. 265, 280, 81 S.Ct. 534, 542, 5 L.Ed.2d 551, 561 (1961). Where, as here, the police found nothing at the time of the arrest which aided them in obtaining a search warrant and the warrant was issued on the basis of probable cause supplied by an independent source, to wit, the victim, the evidence seized during the subsequent search is not rendered inadmissible by the earlier arrest, even if that arrest were unlawfully made. See: *Nebraska v. Smith,* 207 Neb. 263, 298 N.W.2d 162 (1980); *State v. Fenin,* 154 N.J.Super.

282, 381 A.2d 364 (1977); 4 La Fave, Search and Seizure § 11.4(d). See also: *People v. Brumfield,* 100 Ill.App.3d 382, 55 Ill.Dec. 687, 426 N.E.2d 1012 (1981). Cf. *Commonwealth v. Mancini,* 340 Pa.Super. 592, 490 A.2d 1377 (1985). Because the search was independent of the arrest, the evidence obtained thereby was admissible and not subject to suppression. Therefore, it is unnecessary to decide whether exigent circumstances were present which warranted police in forcing open the door and arresting appellant without a warrant.

After appellant had been arrested, he was taken to police headquarters where he was processed and advised of his rights under *Miranda.*[1] Appellant asked if he could use the telephone and was given permission to do so. While working in the same area, a police officer overheard appellant say to someone on the other end of the line,

"Did you take care of everything," in a low tone of voice, and then all of a sudden he came out with, "You stupid —," in a higher voice. Then Appellant said, "What about the dough, at the clothes, the clothes, underneath, pull it back, pull it back harder, you find it, under the rug, Okay. Call Joe."

Appellant contends that evidence of this conversation (1) was irrelevant, and (2) violated his right of privacy.

We reject appellant's argument that an arrestee has a right of privacy with respect to statements made into a telephone at police headquarters where he is being detained as a suspect in criminal activity. See: *Commonwealth v. Benedetto,* 316 Pa.Super. 134, 462 A.2d 830 (1983) (statement of accused properly received where accused asked to speak with victim at police headquarters after having been advised of his *Miranda* rights and his statement was overheard by police officer standing within hearing distance).

Evidence is relevant if it tends to prove or disprove facts in issue. The determination of relevancy issues must necessarily be left primarily to the discretion of the trial

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

court, whose rulings thereon will not be disturbed unless there has been an abuse of discretion. *Commonwealth v. Jackson*, 336 Pa.Super. 609, 619–620, 486 A.2d 431, 437 (1984). We find no abuse of discretion in the instant case. Appellant's statements regarding the "dough" tended to show that there was money which had been hidden and which appellant wanted removed. Coming on the heels of an armed robbery for which appellant had been arrested, it cannot be said that appellant's desire to use the telephone and his statements regarding the "dough" were irrelevant.

Clearly irrelevant, however, was appellant's offer to prove that the victim of his crimes had on a prior occasion smoked marijuana. The trial court did not err in excluding such evidence. See: *Commonwealth v. Yost*, 478 Pa. 327, 337, 386 A.2d 956, 961 (1978); *Commonwealth v. Gaddy*, 468 Pa. 303, 311, 362 A.2d 217, 220–221 (1976).

■ Appellant next complains because the trial court questioned Jody Heist, the victim and a Commonwealth witness. It is always the right and sometimes the duty of a trial judge to interrogate witnesses. However, questioning from the bench should not show bias or feeling or be unduly protracted. *Commonwealth v. Hammer*, 508 Pa. 88, 100, 494 A.2d 1054, 1060 (1985), quoting *Commonwealth v. Watts*, 358 Pa. 92, 96, 56 A.2d 81, 83 (1948). The questions asked by the trial judge in the instant case appear to have been intended to clarify the significance of the gun and the locations where intercourse had occurred. The questioning was done impartially and was not protracted. We find therein no basis for awarding a new trial.

■ The next three assignments of error pertain to an incomplete question asked of appellant during cross-examination by the prosecuting attorney. The question asked was, "Isn't it true that in the year 1981 in the State of New York...." The question was interrupted by a defense objection and motion for mistrial. After argument at sidebar, the question was withdrawn and the motion for mistrial was denied. Appellant contends that this was error. He also argues that the trial court (1) should have held a

hearing to determine what the prosecuting attorney intended to ask and (2) should not have given cautionary instructions to the jury.

"The decision whether to declare a mistrial is within the sound discretion of the trial judge and will not be reversed absent a flagrant abuse of that discretion." *Commonwealth v. Riggins*, 374 Pa.Super. 243, 251, 542 A.2d 1004, 1008 (1988), quoting *Commonwealth v. Thomas*, 361 Pa.Super. 1, 14–15, 521 A.2d 442, 449–450 (1987). Although a clear reference to unrelated criminal activity generally requires a mistrial, see *Commonwealth v. Watson*, 355 Pa. Super. 160, 167, 512 A.2d 1261, 1265 (1986), there was no clear reference to unrelated criminal activity in the instant case. On the contrary, the question was interrupted by defense counsel's objection, and no reference was made to any prior criminal activity. Under these circumstances, the trial court did not abuse its discretion in denying a defense motion for mistrial.

■ Similarly, the trial court did not abuse its discretion when it refused to convene a separate hearing to determine what the remainder of the question would have included if it had not been interrupted by a defense objection. The simple fact was that the portion of the question heard by the jury had not contained prejudicial information. Whether the question, if completed, would have contained prejudicial information, therefore, was of no significance.

The jury was informed that the question had been withdrawn and was instructed that questions were not evidence and that only the testimony of the witnesses was to be considered as evidence. Even if a cautionary instruction was unnecessary, it seems clear that appellant was not prejudiced by the trial court's instruction to consider only testimony given by the witnesses.

■ Appellant's friends told him that they had overheard a juror tell a tipstaff during the jury's deliberations that the jury was experiencing difficulty in agreeing upon its verdict. Appellant contends that it was error for the tipstaff

to allow the jury to continue its deliberations without communicating this information to the trial judge. He also complains because the trial court denied a subsequent request by defense counsel for an inquiry into the circumstances of the alleged communication. We find no merit in these arguments. Appellant does not contend that there was an improper communication between the tipstaff and the juror, and it appears, if appellant's facts are correct, that the tipstaff ignored the juror's comment and allowed the jury to continue its deliberations. This was entirely proper. There was, in any event, no intrusion into the jury's deliberations and no communication from the jury requiring action by the trial court.

Finally, appellant contends that his trial counsel rendered constitutionally ineffective assistance. There is a presumption, however, that counsel has acted effectively, and the burden is on the defendant to show otherwise. *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). In reviewing the stewardship of counsel, a court must first determine whether the underlying claim is of arguable merit. If so, it must then determine whether counsel's conduct was reasonably calculated to serve the interests of his client. Finally, the defendant must demonstrate that he was prejudiced by counsel's ineffectiveness. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

Samuel Banks, a defense witness, failed to appear; and, therefore, a transcript of his testimony from a prior hearing was read to the jury. The Commonwealth, in rebuttal, called the York County Clerk of Courts to show the prior crimen falsi convictions of the witness. The clerk of courts testified, inter alia, that Banks had entered pleas of guilty to two counts of theft but that two counts of burglary had been "nol prossed." Appellant contends that his counsel was ineffective for failing to object and for failing to elicit an explanation of the term "nol prossed."

"[A]s a general rule, a witness must be convicted of an offense in the nature of crimen falsi before such evidence is relevant and admissible to impeach" the witness.

*Commonwealth v. Shands,* 338 Pa.Super. 296, 302, 487 A.2d 973, 976 (1985). See also: *Commonwealth v. Cragle,* 281 Pa.Super. 434, 437, 422 A.2d 547, 549 (1980). Mere accusations are neither relevant nor admissible to impeach the witness. Thus, the fact that Banks had been charged with burglary offenses, which charges had been later nol prossed, was irrelevant to impeach his credibility as a witness. If defense counsel had objected thereto, this evidence would have had to be excluded. Counsel's failure to object, however, did not cause prejudice to appellant. The burglary offenses had involved the same incidents which gave rise to the theft charges to which Banks had entered pleas of guilty and had been sentenced. These convictions were properly received to impeach his testimony. The testimony that burglary charges against Banks, a witness, had been nol prossed, therefore, did not deprive appellant of a fair trial. This testimony merely completed the total picture regarding Banks' convictions for theft and told the jury that the burglary charges had been dropped. Under these circumstances, counsel was not ineffective for failing to elicit an explanation for the term "nol prossed."

During the prosecuting attorney's closing jury argument, he told the jury that Banks "was nothing but a liar and a thief." Appellant contends that his counsel was ineffective for failing to object to this alleged impropriety.

It is improper for a prosecuting attorney to express a personal opinion regarding the credibility of a defense witness. *Commonwealth v. Bricker,* 506 Pa. 571, 580, 487 A.2d 346, 350 (1985) (plurality opinion); *Commonwealth v. Toth,* 455 Pa. 154, 314 A.2d 275 (1974). In the instant case, however, there was evidence that Banks had been convicted of several thefts and that he had given false testimony. Therefore, the prosecuting attorney's remarks represented fair comment on the evidence. Defense counsel was not ineffective for failing to object to such comment.

Our review of the record discloses that the charges against appellant were well and fairly tried without error. Therefore, we will not disturb the jury's verdict.

Judgment of Sentence affirmed.